LEON GLADSTONE, ESQ. (SBN 70697)
lgladstone@gladstonemichel.com
ANTHONY DIPIETRA, ESQ. (SBN 235994)
adipietra@gladstonemichel.com
GLADSTONE MICHEL WEISBERG
WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925
Tel: (310) 821-9000 • Fax: (310) 775-8775

Attorneys for Defendants New Video Channel, LLC dba
BBC America, Inc. and Temple Street Productions (US) Inc., and
for Specially Appearing Defendants Temple Street
Productions Incorporated and David Fortier

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| STEPHEN HENDRICKS, an individual, | ) CASE NO. 2:14-CV-02989-RSWL-SSx |
| | ) |
| | ) **PROTECTIVE ORDER** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BBC AMERICA, INC., a Delaware corporation; TEMPLE STREET PRODUCTIONS, a business entity, form unknown; TEMPLE STREET PRODUCTIONS (US) INC., a California corporation; DAVID FORTIER, an individual; GRAEME MANSON, an individual; JOHN FAWCETT, an individual; and DOES 1 to 50, inclusive, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC

57715 20150217 Proposed Protective Order-Final.docx     1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to the stipulation of the parties, the Court hereby enters the following Protective Order pursuant to the Court's authority under Rule 26 of the Federal Rules of Civil Procedure:

1.     The terms of this Protective Order shall govern the production, use and dissemination by all parties to this action of: (1) any "Confidential Information" produced by a party to this action; (2) any "Confidential Information" produced to a party in this action from a third-party witness; and (3) any "Confidential Information" produced to or received by an consulting and/or expert witnesses.

2.     For purposes of this Order, "Confidential Information" means information of any type, kind, or character, that is designated as "Confidential" and/or "Attorneys' Eyes Only" by the producing or receiving parties, including any third party ("Designating Party" or "Designating Parties"), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in written discovery response or otherwise.

3.     Any person may designate as "Confidential" any material produced in the course of discovery proceedings herein only when such designating person in good faith believes that such material contains sensitive personal information, financial information, business contracts, trade secrets, non-public audio and visual records or other any other confidential or proprietary information that is of such a sensitive nature that disclosure would result in competitive harm, or damage its business or financial welfare, or cause damage to the reputation or standing in the community of the parties, and such material is not otherwise accessible to the public.  A Designating Party will make only such designation as to that information that it in good faith believes contains Confidential Information.  Any party who believes a document should be considered confidential although it does not fall strictly within these guidelines may make application to the Court that the document be so considered.

57715 20150217 Proposed Protective Order-Final.docx          2

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

4.      Any person may also designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any material produced in the course of discovery proceedings herein when such designating person in good faith believes that such material contains private financial information relating to a party that is not publically available, or that is of a highly confidential or sensitive nature relating to any party's, person's or entity's financial affairs. Any material designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be treated as if it were Confidential Information and receive all the protections otherwise afforded to Confidential Information under the terms of this order. However, in addition to such protections, material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed by the recipient to anyone other than the attorneys of record in this action, the paralegals and staff of the attorneys of record in this action, and any consulting or testifying experts retained by the parties and whose engagement might require the review of such material. The foregoing provisions do not limit a party's right to file the information under seal with the Court as set forth herein.

5.      However, nothing shall be regarded as Confidential Information if it is information that:

      **a.**      is in the public domain at the time of designation, including, without limitation, as evidenced by a written document;

      **b.**      becomes part of the public domain through no fault of any party receiving the Confidential Information, including, without limitation, as evidenced by a written document; or

      **c.**      any party receiving the Confidential Information lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

6.      This Order is intended to provide a mechanism by which any party may elect to provide information regarded as confidential.  Nothing herein shall be construed

as requiring any party to produce information regarded as confidential and any party may elect (in lieu of or in addition to utilizing the terms of this Order) to object to the production of any confidential information or to exercise any other appropriate remedies with respect to a request for production of such information.

7.      Nothing herein shall: (i) preclude a producing party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or information as it may deem appropriate; (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) preclude any party from objecting to the admissibility of any documents or information; (iv) limit a party's use of its own documents or any documents obtained outside the discovery process in this action; or (v) limit a party's use of public information.

8.      Subject to the provisions that otherwise govern the use of information marked as "ATTORNEY'S EYES ONLY," any Confidential Information produced that by a party or third-party witness shall be disclosed only to: (a) this Court under seal, pursuant to the procedures mandated by Local Rule 79-5.1 and the presiding judge's procedures; (b) the parties and their respective outside counsel of record (including support staff as reasonably necessary); (c) outside stenographic court reporters and language translators (including support staff as reasonably necessary), and (d) the additional individuals listed in items (i) through (vii) below, provided that such additional individuals have read this Protective Order and signed an Undertaking in the form attached hereto as Exhibit 1, which shall be retained in the files of outside counsel.

(i)      the in-house attorneys (including support staff as reasonably necessary) of the parties who are responsible for and/or are working directly in defense of this action.

(ii)     the corporate representatives of the parties (i.e., the officers, directors, or employees of the parties) who have been charged with the responsibility for making business decisions dealing directly with the litigation of this

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

action);

(iii)    the technical personnel of each side who needs to be consulted by outside counsel, in the discretion of such counsel, in preparation for proceedings in this action;

(iv)    outside experts and outside consultants retained in this action;

(v)    a deponent or other witness in this action who authored, received, or saw a document or thing marked "CONFIDENTIAL" or who is otherwise familiar with the Confidential Information, but only to the extent of the person's familiarity with the Confidential Information;

(vi)    paralegals, stenographic, clerical employees, and translators associated with the individuals enumerated in (i)- (v) above, but only as party of a disclosure to said individuals in accordance with this Protective Order; and,

(vii)    such other individuals as the parties may stipulate.

9.    Confidential Information shall be revealed by the parties only to the persons permitted access to it pursuant to paragraph 7 above, and shall not be disclosed by any party to persons other than those specified in paragraph 7.  All Confidential Information shall be used by the parties solely for the purposes of this action.

## USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS

10.    Confidential Information shall be utilized in deposition only in a manner calculated to preserve the confidentiality of such documents or information and in accordance with the following procedures:

a.    This Order shall be made an exhibit to any deposition during which Confidential Information is used or discussed;

b.    If any Confidential Information is to be marked as an exhibit, such exhibit shall be marked "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" by the Court Reporter and

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

attached under seal;

**c.** If any document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is marked as an exhibit, all such documents shall be separately compiled by the Court reporter and shall be delivered to counsel in a separately bound volume marked "EXHIBITS - CONFIDENTIAL – ATTORNEYS' EYES ONLY";

**d.** Unless permission is elsewhere granted in this Order, no deponent shall be permitted to retain copies of Confidential Information;

**e.** Unless otherwise agreed by counsel at the time a deposition is taken, deposition testimony and transcripts shall be treated as though designated Confidential in their entirety until the expiration of 30 days after receipt of the transcript, by which time specific designations, if any, must be made;

**f.** Any Court Reporter or other person taking or preparing transcripts of any deposition during which Confidential Information was introduced or disclosed shall be advised of the terms of this Order and agree to be bound thereby.

## FILING OF CONFIDENTIAL INFORMATION

11.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to any discovery material that has been designated as "Confidential" or "ATTORNEY EYES ONLY" shall be submitted for filing and maintenance under seal in accordance with the provisions of Local Rule 79-5.1 and the presiding judge's separate provisions.  The party seeking to file the unredacted discovery material designated as "Confidential" or "ATTORNEY EYES ONLY" shall submit an application, along with a proposed order, seeking the Court's permission to file the document(s) containing the

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

discovery material under seal in accordance with the foregoing provisions.

12.     Should a need arise during the trial or any hearing before the Court for a party to cause Confidential Information to be disclosed, it may do so only after appropriate *in camera* inspection or other safeguards are requested of the Court or are otherwise ordered by the Court.

13.     This Protective Order is without prejudice to the right of any party or third-party witness to move this Court for an Order further restricting disclosure or use of any Confidential Information.

14.     In the event of any accidental or inadvertent disclosure of Confidential Information by a party other than in a manner authorized by this Protective Order, counsel shall immediately notify opposing counsel of all pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of Confidential Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court. Inadvertent production of material subject to the attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return.

15.     The parties shall maintain any Confidential Information in a secure and safe place and exercise at least the same degree of care in handling the Confidential Information as is exercised by a party with respect to its own confidential information of a similar nature, but in no event less than due care.

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

16.     This Protective Order is valid throughout the course of this action  (defined to include all proceedings herein, appeals and/or remands), and shall survive the termination of the action.  Upon final termination of the action, all copies of documents containing Confidential Information shall be destroyed within sixty days, with the exception of one archival copy of pleadings, correspondence, work product, discovery responses, depositions, deposition exhibits, Court exhibits and documents included in submissions to the Court which may be retained by outside counsel.

17.     This Protective Order shall not prevent either party from moving this Court for an order that Confidential Information is not, in fact, confidential, provided that, prior to making such a motion the parties shall meet and confer to resolve any differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Information in question is protectible under Fed. R. Civ. P. 26(c) or on some other basis, or, as the case may be, is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude subsequent challenge.

18.     Nothing in this Protective Order shall preclude either party from disclosing or using, in any manner or for any purpose, any information which either was lawfully in its possession prior to being designated Confidential Information in this or the Nevada Action, or was obtained from a third party having the apparent right to disclose such information.

19.     This Order does not create any contractual obligations between the parties.

IT IS SO ORDERED:

DATED: 2/20/15

_____/S/_____

Honorable Suzanna H. Segal
Magistrate Judge for the United States District
Court for the Central District of California

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

1    **"EXHIBIT 1"**

2

3                 **UNITED STATES DISTRICT COURT**
4                 **CENTRAL DISTRICT OF CALIFORNIA**
                      **WESTERN DIVISION**
5

6

7    STEPHEN HENDRICKS, an          )    CASE NO. 2:14-CV-02989-RSWL-SSx
     individual,                    )
8                                   )    **STIPULATED PROTECTIVE ORDER**
                    Plaintiff,      )
9                                   )
10   vs.                            )
                                    )
11   BBC AMERICA, INC., a Delaware  )
     corporation; TEMPLE STREET     )
12   PRODUCTIONS, a business entity,)
     form unknown; TEMPLE STREET    )
13   PRODUCTIONS (US) INC., a       )
14   California corporation; DAVID  )
     FORTIER, an individual; GRAEME )
15   MANSON, an individual; JOHN    )
16   FAWCETT, an individual; and    )
     DOES 1 to 50, inclusive,       )
17                                  )
18                  Defendants.     )
19   _____)

20

21          I am authorized by _____ [party name] to review Confidential Information

22

23   as that term is used in the Protective Order dated _____, 2015, and hereby request

24   access to that Confidential Information for use in this litigation.

25          I have been provided with a copy of the Protective Order dated _____, 2015 in the

26   above-captioned proceeding. I have read that Protective Order and hereby agree to be bound by

27   all of the limitations regarding disclosure of Confidential Information contained in that

28

     57715 20150217 Proposed Protective Order-Final.docx        1
                                                                         CASE NO. 2:14-CV-02989-RSWL-SSx
                            **[PROPOSED] PROTECTIVE ORDER**

Protective Order.

I understand that failure to comply with the terms of that Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.

I consent to the United States District Court for the Central District of California exercising jurisdiction over me for the purpose of enforcing that Protective Order or for any contempt proceedings against me arising out of my failure to comply with the terms of that Protective Order.

Dated:             , 2015.

_____
Signature of Person Requesting Access to
Confidential Information

_____
Typed Name of Person Requesting Access to
Confidential Information

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

57715 20150217 Proposed Protective Order-Final.docx          2

CASE NO.  2:14-CV-02989-RSWL-SSx
**[PROPOSED] PROTECTIVE ORDER**

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on February 17, 2015, a copy of the following document

4

was filed electronically:

5

**[PROPOSED] PROTECTIVE ORDER**

6

7

Notice of this filing will be sent to the following parties by operation of the

8

Court's electronic filing system. Parties may access this filing through the Court's

9

System:

10

11

Steven T. Lowe, Esq.                    Attorneys for Plaintiff,
steven@lowelaw.com                      Stephen Hendricks

12

Kris S. LeFan, Esq.
kris@lowelaw.com

13

LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640

14

Los Angeles, CA 90064

15

Tel:   (310) 477-5811
Fax:   (310) 477-7672

16

17

18

DATED:  February 17, 2015          GLADSTONE MICHEL
                                   WEISBERG WILLNER & SLOANE, ALC

19

20

21

By: /s/ Anthony DiPietra_____

22

ANTHONY DIPIETRA
Attorneys for AIRCRAFT SERVICE
INTERNATIONAL, INC.

23

E-Mail:  ttracy@gladstonemichel.com

24

25

26

27

28

57715 20150217 Proposed Protective Order-Final.docx          11

**[PROPOSED] PROTECTIVE ORDER**