Steven T. Lowe (SBN 122208)
Kris S. LeFan (SBN 278611)
**LOWE & ASSOCIATES, P.C.**
11400 Olympic Boulevard, Suite 640
Los Angeles, California 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
Email: kris@lowelaw.com

Attorneys for Plaintiff:
**STEPHEN HENDRICKS**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **STEPHEN HENDRICKS**, an individual,<br><br>        **Plaintiff,**<br><br>        v.<br><br><br>**BBC AMERICA, INC.,** a Delaware corporation; **TEMPLE STREET PRODUCTIONS,** a business entity, form unknown; **TEMPLE STREET PRODUCTIONS (US) INC.,** a California corporation; **DAVID FORTIER**, an individual; **GRAEME MANSON,** an individual; **JOHN FAWCETT,** an individual; and DOES 1 to 50, inclusive,<br>        Defendants. | Case No.: 2:14-CV-02989-RSWL-SSx<br><br><br>**MOTION TO BE RELIEVED AS COUNSEL OF RECORD; DECLARATION OF STEVEN T. LOWE IN SUPPORT THEREOF**<br><br>Date:   December 29, 2015<br>Time:   10:00 a.m.<br>Courtroom: 21<br>Judge: Hon. Ronald S.W. Lew |

**TO THE HONORABLE RONALD S.W. LEW, JUDGE OF THE UNITED STATES DISTRICT COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 29, 2015, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 21 of the above-entitled court, located at 312 North Spring Street, Los Angeles, California 90012, Lowe & Associates, P.C. (hereafter "Counsel"), attorneys for Plaintiff Stephen Hendricks (hereafter "Plaintiff" or "Hendricks"), will and hereby do move to be relieved as counsel, in accordance with the applicable Federal Rules and Local Rules ("L.R.").

This motion is based upon the grounds that good cause exists and withdrawal is justified and necessary to serve the ends of justice because:

1.    The attorney-client relationship has irretrievably broken down; Plaintiff has made it unreasonably difficult for Counsel to carry out its employment effectively. <u>See</u>, Declaration of Steven T. Lowe (hereafter "Lowe decl.") at par. 2-3.

2.    There is no risk of delay in prosecution; as an individual, plaintiff may represent himself *pro se* and he may retain new counsel in the future. <u>See</u>, L.R. 83-2.3.3.

3.    Plaintiff was advised to seek new counsel on November 10, 2015, after several months of attempts by Counsel to avoid this motion.

This Application is based on this Notice, the Memorandum of Points and Authorities, the declaration of Steven T. Lowe, and the pleadings and papers on file in this action of which this Court is requested to take judicial notice, and such oral and documentary evidence as may be presented at the hearing on the Application.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,
LOWE & ASSOCIATES, P.C.

Dated: December 1, 2015     By:     /s/Steven T. Lowe
Steven T. Lowe
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### DISCUSSION

**A.   GOOD CAUSE EXISTS FOR GRANTING THE INSTANT APPLICATION BECAUSE THERE HAS BEEN A MATERIAL BREAK DOWN IN THE ATTORNEY-CLIENT RELATIONSHIP.**

Counsel respectfully requests that Counsel be permitted to demonstrate the full extent of the breakdown of the attorney-client relationship *in camera* so as not to violate the attorney-client privilege and/or prejudice the Plaintiff's case. Suffice it to say that an adversarial relationship has arisen over the course of several months between Plaintiff and his attorneys, whereby Plaintiff (who is a paralegal with some experience in litigation) earnestly believes that his judgment eclipses that of his attorneys. See, Lowe decl., par. 3. As a result, Plaintiff and his attorneys are deadlocked on virtually every litigation-related decision and can no longer function, i.e., the relationship has become dysfunctional, toxic and adversarial. See, par. 3 of Lowe Decl.

On November 10, 2015, twenty-one (21) days prior to the filing of this motion, Plaintiff was instructed to locate new counsel and on November 11, 2015, twenty (20) days prior to the filing of this motion, Plaintiff refused to substitute Plaintiff's Counsel out of the case. See, par. 4 of Lowe Decl.

**B.   SEVERAL RULES UNDER THE RULES OF PROFESSIONAL CONDUCT REQUIRE THE WITHDRAWAL OF EMPLOYMENT IN THIS SITUATION.**

**C.**

Rule 3-700 of the California Rules of Professional Conduct reads in relevant part as follows:

**(A) In General.**

(1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

(2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with <u>Rule 3-700(D)</u>, and complying with applicable laws and rules.

**(C) Permissive Withdrawal.**

[A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

> (1) The client

> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or

> (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or

> (f) breaches an agreement or obligation to the member as to expenses or fees…

> (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

In this case, withdrawal is justified and necessary because, *inter alia*, plaintiff refuses to accept Counsel's advice in general and on existing law and insists on his own interpretation, mischaracterizes counsel's communications in a counterproductive manner, demands unnecessary law and motion practice contrary to the advice of counsel. <u>See</u>, par.

2-3 of Lowe Decl. This breakdown of the attorney-client relationship severely impairs the ability of counsel to carry out the employment effectively. <u>See</u>, par. 3 of Lowe Decl. Furthermore, other good cause for withdrawal exists, which cannot be revealed here because it would require Counsel to reveal attorney client privileged communications. <u>See</u>, par. 3 of Lowe Decl.

### D. <u>NO DELAY IN THE PROSECUTION OF THIS MATTER IS LIKELY IF THE INSTANT MOTION IS GRANTED.</u>

Here, there is no risk of delay in the prosecution of this action by allowing counsel to withdraw because as an individual, plaintiff may represent himself *pro se* and he may retain new counsel in the future. <u>See</u>, L.R. 83-2.3.3. The deposition of Ivan Schneeberg is currently scheduled for January 7, 2016, in Toronto. Furthermore, Plaintiff's deposition is currently scheduled for January 14, 2016. The upcoming depositions may present an issue; however, Plaintiff may represent himself if he is unable to find new counsel in time. Trial is currently set for **May 10, 2016**. Therefore, there is ample time for plaintiff to locate and retain new counsel sufficiently in advance of trial.

### III.

### CONCLUSION

It is respectfully requested that the instant motion be granted by the Court.

Respectfully submitted,
**LOWE & ASSOCIATES, P.C.**

Dated: December 1, 2015        By: ___*/s/Steven T. Lowe*___
                               Steven T. Lowe
                               Attorney for Plaintiff

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the United States and employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action or proceedings; my business address is 11400 Olympic Boulevard, Suite 640, Los Angeles, California 90064.

On December 1, 2015, I served the foregoing document(s) described as:

### MOTION TO BE RELIEVED AS COUNSEL OF RECORD; DECLARATION OF STEVEN T. LOWE IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL OF RECORD

on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below, at Los Angeles, California, addressed to the following as follows:

> **Stephen Hendricks**
> **427 E. Orange Grove Ave., #304**
> **Burbank, CA  91501**
> **hendrickssg@gmail.com**

( **X** )   **BY E-MAIL OR ELECTRONIC TRANSMISSION (C.C.P. §§1020, et seq.):** I caused said document(s) to be sent from e-mail address kimberly@lowelaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( **X** )   (State) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed December 1, 2015 in Los Angeles, California.


_____/s/Kris S. LeFan_____
Kris S. LeFan