JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN HENDRICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BBC AMERICA, INC.; TEMPLE STREET PRODUCTIONS; TEMPLE STREET PRODUCTIONS (US) INC.; DAVID FORTIER; GRAEME MANSON; JOHN FAWCETT; and DOES 1 to 50,<br><br>　　　　　Defendants. | CV 14-02989-RSWL-SSx<br><br>**ORDER** re: Plaintiff Stephen Hendricks Motion to Dismiss, Without Prejudice [73] |

Currently before the Court is Plaintiff Stephen Hendricks' ("Plaintiff") Motion to Dismiss, Without Prejudice [73] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion [73] and **DISMISSES** the case **WITHOUT PREJUDICE.**

/ / /

A. **Procedural Background**

On April 17, 2014, Plaintiff filed a Complaint [1] against BBC America, Inc., Temple Street Productions, Temple Street Productions (US), Inc., David Fortier, Graeme Manson, and John Fawcett (collectively, "Defendants") alleging claims for: (1) federal copyright infringement, and (2) breach of implied contract. The trial is currently set for May 24, 2016 [70].

On March 2, 2016, the parties stipulated to dismiss Plaintiff's claim for copyright infringement with prejudice and to dismiss Defendant BBC America, Inc. with prejudice. See Joint Stipulation, ECF No. 71; Amended Stipulation, ECF No. 76.

That same day, Plaintiff filed the instant Motion [73], in which Plaintiff seeks to dismiss his remaining breach of implied contract claim and toll the statute of limitations so that he may file his claim in state court. Pl.'s Mot. 1:5-7. At the request of the parties, the Court advanced the hearing on Plaintiff's Motion to March 15, 2016 [75]. Finding the Motion to be suitable for decision without oral argument, the Court took the Motion under submission on March 14, 2016 [79].

B. **Legal Standard**

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if:

2

      (1) the claim raises a novel or complex issue of State law,
      (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
      (3) the district court has dismissed all claims over which it has original jurisdiction, or
      (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

    The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995). When the federal law claim in the action is eliminated at an early stage of the litigation, the district court may choose not to continue to exercise jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, . . . [and] [c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state law claims should be dismissed as well.").

"In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. Cnty. of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

**C. Discussion**

Here, the Court declines to continue to exercise jurisdiction over Plaintiff's state law claim for breach of implied contract because the federal-law claim for copyright infringement has been dismissed, and considerations of economy, comity, and fairness weigh in favor of dismissal. See 28 U.S.C. § 1367(c)(3).

Although discovery in this case is almost complete, and the motion filing cut-off is just days away, minimal filings and proceedings have been brought before this Court. These proceedings have involved procedural matters, and this Court has not yet considered the merits of Plaintiff's claims. Accordingly, dismissal of the breach of implied contract claim will not be an inefficient use of judicial resources. Moreover, although Defendants claim that they have completed a motion for summary judgment, that motion has not yet been filed, and the parties have not finished preparing for a trial that is more than two months away. Contra Trustees of Constr.

4

Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 926 (9th Cir. 2003) (granting voluntary dismissal of case seven days before trial was an abuse of discretion).

Defendants also cannot show that they will suffer legal prejudice as a result of the dismissal. "Legal prejudice is 'prejudice to some legal interest, some legal claim, some legal argument.'" Hepp v. Conoco, Inc., 97 Fed. App'x 124, 125 (9th Cir. 2004).(citations omitted). "Legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." Id. (citing Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001)). Expenses incurred in defending against a lawsuit also does not amount to legal prejudice. Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996); see also Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 146 (9th Cir. 1982). Therefore, Defendants will not be prejudiced or unfairly affected by dismissal.[1]

---

[1] The Court **DENIES** Defendants' request for costs and fees. The imposition of costs and fees as a condition for dismissing without prejudice is not mandatory. Westlands, 100 F.3d at 97. A defendant may be awarded fees and costs only for work performed prior to a plaintiff's motion for voluntary dismissal, and then only for work that cannot be used in any future litigation of the same or similar matters. Hepp, 97 Fed. App'x at 125. Defendants argue that they have incurred $200,000 in costs, but have not adequately demonstrated that any particular portion of their work or expenditures, including the alleged $30,000 in expert fees, will not be useful in the state litigation. The same discovery

In weighing the values set forth in Gibbs, the Court finds no circumstances that would require the retention of jurisdiction over Plaintiff's state law claim. Accordingly, the Court **GRANTS** Plaintiff's Motion and **DISMISSES** the case **WITHOUT PREJUDICE**. See Cohill, 484 U.S. at 350 n. 7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); Gibbs, 383 U.S. at 726-27 (when all federal claims have been dismissed, pendent state claims should be dismissed without prejudice).[2]

**IT IS SO ORDERED.**

DATED: March 16, 2016          /s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

---

that has been conducted in this Court would have been conducted if the matter was originally in state court. Additionally, the discovery that has been conducted in this Court may be used in state court.

[2] Because Plaintiff has already filed an action in Los Angeles Superior Court, there is no reason to toll the statute of limitations pursuant to 28 U.S.C. § 1367(d).